**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **GABRIEL AKOL KUOL,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:19cv00358** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **MR. SMITH,** | ) | **By: Norman K. Moon** |
| **Defendant.** | ) | **Senior United States District Judge** |

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by plaintiff Gabriel

Akol Kuol, a Virginia inmate proceeding *pro se*. In his complaint, Kuol names "Mr. Smith," a

physician at Augusta Correctional Center, as the sole defendant. After Dr. Smith filed a prior

motion to dismiss, I granted Kuol's motion for leave to file an amended complaint. He was

informed that his amended complaint should "state all of the facts that he intends to rely upon for

his claim or claims against Dr. Smith" and "include specific details as to when and how Dr.

Smith became aware of plaintiff's hyoid bone or the symptoms Kuol alleges that he is

experiencing and what treatment, if any, Dr. Smith has provided." (Dkt. No. 20.)

The order also expressly advised Kuol as follows: "**The amended complaint must be a**

**new pleading that stands by itself without reference to a complaint, attachments, or**

**amendments already filed. Plaintiff's initial complaint and affidavit opposing the motion**

**to dismiss will not be considered by the court and should not be referenced by plaintiff in**

**the proposed amended complaint."** (*Id.* (emphasis in original).)

In response, Kuol filed an amended complaint, but he again fails to state facts that

plausibly allege a constitutional violation by Dr. Smith. For this reason, discussed in more

detail below, I will grant defendant's second motion to dismiss and dismiss this case without

prejudice for failure to state a claim on which relief can be granted.

## I.  BACKGROUND

Kuol's amended complaint, like his original complaint, is lacking in factual detail, to say the least.  The entirety of his complaint consists of three sentences.  It states, "I am black and from Africa and when I went [to] Dr. Smith, he simply ignor[ed] me.  I am being neglected because of my origin by Dr. Smith because I have been on him for 6 times."  (Am. Compl. 2, Dkt. No. 21.)  His third sentence is in response to the question of what relief he is seeking.  He states that he "just wants the hyoid bone[1] [to] be cut out."

In response to the motion to dismiss, Kuol filed an affidavit.  Even if I were to consider that affidavit as amending his complaint, it fails to offer much elaboration.  It still fails to provide any dates of treatment or identify any symptoms he is having as a result of his hyoid bone.  It merely states that Kuol told Dr. Smith "every thing he needs as a doctor," that Dr. Smith is "aware of [his] hyoid bone" but "simply doesn't want to let proceeds so that the hyoid be cut out [sic]."  (Dkt. No. 27.)

## II.  ANALYSIS

### A.  Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–63 (2007); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).  To withstand a Rule 12(b)(6) motion, a pleading must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678.  In considering the motion, the court must construe the facts and reasonable inferences "in the light most

---

[1]  The hyoid bone is a "U-shaped bone situated at the root of the tongue in the front of the neck and between the largest cartilage of the larynx, or voice box.  [Its] primary function . . . is to serve as an anchoring structure for the tongue."  *Hyoid bone*, Encyclopedia Britannica, https://www.britannica.com/science/hyoid-bone (last visited Jan. 14, 2020).

favorable to the nonmoving party." *Massey v. Ojaniit*, 759 F.3d 343, 347 (4th Cir. 2014). A

court need not accept as true a complaint's legal conclusions, "unwarranted inferences,

unreasonable conclusions, or arguments." *Giarratano*, 521 F.3d at 302. *Pro se* complaints are

afforded a liberal construction. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006).

## B.  Eighth Amendment

"It is beyond debate that a prison official's deliberate indifference to an inmate's serious

medical needs constitutes cruel and unusual punishment under the Eighth Amendment." *Gordon*

*v. Schilling*, 937 F.3d 348, 356 (4th Cir. 2019). To demonstrate deliberate indifference, an

inmate must show that (1) he has a medical condition that has been "diagnosed by a physician as

mandating treatment or is so obvious that even a lay person would easily recognize the necessity

for a doctor's attention" and (2) the defendant "had actual knowledge of the plaintiff's serious

medical needs and the related risks, but nevertheless disregarded them." *Id.* at 356–57; *Estelle v.*

*Gamble*, 429 U.S. 97, 105 (1976). The first component is an objective inquiry and the second is

subjective. *Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 209–10 (4th Cir. 2017).

Smith contends that the complaint fails to state a claim for which relief can be granted,

and I agree. The factual matter presented by Kuol does not establish a plausible claim of

deliberate indifference by Smith. Just as in his original complaint, Kuol does not allege facts to

show that his hyoid bone is causing him problems, what symptoms he is experiencing, or for

how long. He also failed to identify Dr. Smith as taking any particular action (or failing to take

any action) on any particular date or with knowledge of any symptoms. In short, he alleges no

plausible facts to show that his hyoid bone not being removed is a serious medical need, and no

plausible facts to allege that Dr. Smith was deliberately indifferent toward that need. Because he

3

has failed to state a constitutional claim,[2] his complaint must be dismissed.

### III. CONCLUSION

For the foregoing reasons, defendant's second motion to dismiss (Dkt. No. 22) will be granted, and Kuol's amended complaint will be dismissed for failure to state a claim. Additionally, because Kuol already has been given one opportunity to amend his complaint, and wholly failed to comply with the court's instructions or to state sufficient factual matter to state a claim, he will not be given another opportunity to amend in this case. Instead, this case will be struck from the active docket of the court. An appropriate order will be entered.

**ENTER**: This 18th day of June, 2020.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] To the extent Kuol's claim can be interpreted as a claim that his constitutional equal protection rights were violated, he likewise fails to state a claim. *Veney v. Wyche,* 293 F.3d 726, 730 (4th Cir. 2002) (quoting *Morrison v. Garraghty,* 239 F.3d 648, 654 (4th Cir. 2001)) (explaining that to prove an equal protection claim, a litigant "must first demonstrate that he has been treated differently from others with whom he is similarly situated" and then "that the unequal treatment was the result of intentional or purposeful discrimination").